### ARMSTRONG v. CHEMICAL NAT. BANK.

*(Circuit Court, S. D. New York. February 11, 1889.)*

1. EQUITY—ACCOUNTING—PLEADING—PLEDGE.

To a bill for an accounting for the surplus of securities pledged for advances thereafter to be made, averments in the answer of facts such as the prior state of the parties' accounts, are needless since these facts may be proved under any other averment.

2. SAME.

Averments referring to facts entitling defendant to affirmative relief are only proper for a cross-bill, and may be expunged from an answer.

In Equity.   Bill by David Armstrong, as receiver of the Fidelity National Bank, against the Chemical National Bank, for an accounting. On motion to expunge certain paragraphs from the answer.   .

*Stephen A. Walker*, for the motion.

*Jones & Roosevelt, contra.*

LACOMBE, J.   The claim of the complainant is that the deposit of a large quantity of commercial paper made on June 14, 1887, by the Fidelity National Bank, with the defendant, was a special one as security for advances thereafter to be made, and it is to obtain an accounting for the overplus of these pledged securities remaining after payment of such advances that the suit is brought.   The defendant has not filed a cross-bill, but its answer sets out that at the time of the appointment of the receiver the Fidelity Bank was a debtor to the defendant in a large sum of money, in part advanced as loans at different times before and after June 14, 1887, and in part collected by said bank as defendant's agent. That as such creditor it is entitled to receive a dividend from the assets of the bank, and "asks that, if it be adjudged on the accounting in this suit that the defendant is not entitled to retain and have the proceeds of the collection of said securities applied to the payment of the indebtedness of the said bank to this defendant, the court then ascertain and determine the amount of the indebtedness of the said bank to the defendant, and the amount of the claim of the defendant against the said bank, as it existed at the time of the appointment of the receiver, (June 21, 1887,) and that said receiver be directed to pay defendant a dividend of 25 per cent.,"—the rate of dividend already paid to other creditors, —"and other dividends from time to time as the same shall hereafter be made," and asks that an account be taken of another lot of securities delivered to the defendant by the Fidelity Bank prior to June 14, 1887, and subsequently returned by the defendant to the complainant.   To these paragraphs of the answer complainant excepts for impertinence, and moves that the same be expunged from the answer.   So far as these averments refer to facts—such as the prior state of the accounts between the banks—bearing upon the issue tendered by the bill, viz., that the deposit referred to therein was special, and pledged solely as a security for future indebtedness, they are unnecessary.   The facts may be proved under the other averments in the answer.   So far as these averments excepted to refer to facts entitling the defendant to affirmative relief against the complainant, they are proper only in a cross-bill.   The motion to expunge is granted.